IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN BETZ<br><br>          Plaintiff<br><br>   v.<br><br>TEMPLE HEALTH SYSTEMS<br><br>          Defendant | CIVIL ACTION<br>No. 15-cv-00727 |

PAPPERT, J.                                                             AUGUST 6, 2015

## MEMORANDUM

While employed as a nurse for Defendant Temple Health Systems ("Temple"), Plaintiff Ellen Betz ("Betz") encountered a workplace rife with sexually offensive behavior perpetrated by and among her female colleagues. When she complained about this behavior, she was ignored. When she continued to complain about this conduct, she was fired. She sues Temple, alleging, in part, sexually hostile work environment claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Temple moves to dismiss those claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the factual allegations in the amended complaint are insufficient to state a claim for a hostile work environment under either law. The Court agrees and grants the motion.

**Factual and Procedural Background**

Betz worked for Temple as a registered nurse from 2003 until 2014. (Am. Compl. ¶¶ 11, 56, Doc. No. 8.) Around June 2009, Betz was transferred from Temple's Northeastern Hospital to Temple's Jeanes Hospital ("Jeanes"). (*Id.* ¶¶ 11,12.) Betz's initial assignment at Jeanes did not present any problems. Betz, however, was transferred to work on a different floor at Jeanes around November 2012. (*Id.* ¶ 15.)

Betz's female coworkers on the new floor regularly engaged in offensive and inappropriate conduct. (*Id.* ¶¶ 16, 17.) Other nurses would regularly "joke" with each other by "licking, groping, making gestures or pretending to grope each other's breast[s] and genitals." (*Id.* ¶ 18.) This behavior occurred "on nearly a daily basis." (*Id.*) For example, one day a nurse complained about having been stopped for a traffic violation. (*Id.* ¶ 19.) The other nurses made suggestions about how the nurse could have avoided a ticket, such as "show him the cleavage" and "blow him." (*Id.*) In another instance, a coworker displayed photos "exemplifying the sexually offensive behavior [of] touching each other's breasts and genitals" that was regularly on display at Jeanes. (*Id.* ¶ 23, 24.) Betz was also offended that two nurses named Helene and Anthony would "passionately and openly . . . kiss each other and rub each other's genitals" in Betz's presence. (*Id.* ¶ 40.)

Betz complained about her coworkers' offensive behavior "on multiple occasions." She first complained to her supervisor, Dawn O'Connor ("O'Connor"). Not only did O'Connor take no remedial action, she allegedly threatened to terminate Betz if she made further complaints. (*Id.* ¶¶ 20, 21.) Betz also complained on multiple occasions to Nurse Manager Danielle Meinel ("Meinel"). Meinel also failed to take any remedial action. (*Id.* ¶ 22.) Finally, Betz complained to Brenna Woods ("Woods"), Temple's Manager of Employee Relations, about the display of the sexually suggestive photographs. The pictures remained displayed for "a number of months" despite Betz's report. (*Id.* ¶ 25.)

After reporting her coworkers' behavior, Betz became the subject of retaliatory conduct. Her coworkers called her a "rat" and a "snitch." (*Id.* ¶ 28-29.) Betz received an anonymous voicemail stating, "You think you're so smart. You picked the wrong side. When we want someone gone, they're gone. You're next." (*Id.* ¶ 30.) Betz's coworkers threw her lunch in the

garbage and, on one occasion, poured cranberry juice on it.  (*Id.* ¶ 31.)  Betz reported this retaliatory conduct to Temple's Human Resources Representative, Jackie Naardi.  (*Id.* ¶ 32-33.)  After nothing was done, she complained to Woods and to Temple's corporate office.  (*Id.* ¶ 34.)  Her complaints were never addressed.  Betz was later fired for a reason that she alleges was pretextual.[1]

Betz filed suit against Temple asserting, among other things, causes of action for a sexually hostile work environment under both Title VII and the PHRA.  (Compl., Doc. No. 1.)  Temple moved to dismiss those claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 6.)  In response, Betz amended her complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A).  (Am. Compl., Doc. No. 8.)  Temple then renewed its motion to dismiss Betz's hostile work environment claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

**Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Id.* at 210-11.  Then, it "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  When making this

---

[1] Because Betz's claims for retaliatory discharge are not at issue the Court need not expound on the facts underlying those claims.

[2] Betz also asserts claims for retaliation under Title VII and the PHRA, violation of rights and retaliation under the Family & Medical Leave Act, and defamation and interference with contractual relations under common law.  Temple has answered those claims, and they are not at issue here.  (*See* Answer to Am. Compl., Doc. No. 12.)

determination, the court can consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The district court must "construe the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

**Discussion**

Temple argues that Betz fails to state a claim for sexual discrimination via a hostile work environment under Title VII and the PHRA. "The proper analysis under Title VII and the [PHRA] is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." *Huston v. Proctor & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 n.2 (3d Cir. 2009) (quotation omitted). As a result, the following analysis of Betz's Title VII hostile work environment claim is equally applicable to her PHRA hostile work environment claim. *See, e.g.*, *Rose v. Woolworth Corp.*, 137 F. Supp. 2d 604, 608 (E.D. Pa. 2001) ("Our analysis of Plaintiff's Title VII claims applies with equal force to Plaintiff's PHRA claims.").

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Such a Title VII claim is termed a hostile work environment claim.

To survive a motion to dismiss a hostile work environment claim based on sex discrimination, a plaintiff must allege facts sufficient to make a plausible claim that (1) the plaintiff suffered intentional discrimination because of his or her sex; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would have detrimentally affected a reasonable person of the same sex in the same position; and (5) the existence of *respondeat superior* liability.  *See Andrews v. City of Phila.*, 895 F.2d 1469, 1482 (3d Cir. 1990).

Here, Betz fails to plead facts sufficient to state a plausible claim that she suffered intentional discrimination because of her sex.  *First*, Betz fails to allege facts sufficient to show that any discriminatory or harassing behavior was intentionally directed at her.  Betz alleges that her coworkers engaged in offensive and inappropriate sexually charged behavior.  She alleges that this behavior occurred solely between other nurses, albeit sometimes in her presence.  Yet she does not allege facts to show that this conduct occurred only in front of her.  To the contrary, she alleges that the general "work environment" was "sexually offensive" and unprofessional.  (Am. Compl. ¶¶ 16, 17.)  There are no facts in the amended complaint by which the Court can conclude that Betz states a plausible claim that the alleged conduct was intentionally directed at her.[3]

*Second*, even assuming that the offensive conduct was intentionally directed at Betz, she has not alleged facts to show that it was directed at her because of her sex.  *See, e.g.*, *Koschoff v. Henderson*, 109 F. Supp. 2d 332, 346 (E.D. Pa. 2000) ("Verbal and physical harassment, no matter how unpleasant and ill-willed, is simply not prohibited by Title VII if not motivated by the plaintiff's gender (or membership in other protected groups).").  Because the alleged

---

[3]  Betz adequately alleges that certain conduct was intentionally directed at her after she reported the conduct that she found offensive.  Those allegations support her retaliation claims, which are not contested by Temple's motion.

harassers were other women, Betz must satisfy one of the three prongs needed to support a claim of same-sex harassment.  A plaintiff alleging same-sex sexual harassment must show that either (1) the harasser sexually desires the victim, (2) the harasser displays hostility to the presence of a particular sex in the workplace, or (3) evidence exists that the harasser's conduct was motivated by a belief that the victim did not conform to gender stereotypes.  *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 262 (3d Cir. 2001).

Betz argues that the harassing conduct was motivated by the belief that Betz did not conform to gender stereotypes.  In essence, Betz askes the Court to infer that "licking, groping, making gestures, or pretending to grope each other's breast[s] and genitals . . . was perceived as stereotypical female behavior" at Jeanes. (Opp'n Br. ¶¶ 2, 18.)  Betz then asks the Court to infer that Betz's "coworkers continued to engage in the sexually offensive conduct . . . in front of [Betz] because she was a woman who refused to participate in the conduct."  (*Id.* ¶ 19.)

Betz asks the Court to go too far.  She does not allege any facts to support these attenuated inferences.  She does not allege that her coworkers made any statements or remarks to show that they believed Betz was not living up to a stereotypical norm of female behavior, however Betz may be defining that phrase.  She does not allege facts to show that her coworkers targeted other female workers who refused to join in their behavior.  Betz does no more than allege that her female coworkers engaged in sexually explicit behavior that she found offensive and refused to participate in.  This bare allegation is insufficient to allow the Court to infer that Betz's female coworkers believed that Betz did not conform to a gender stereotype.  *See Barrett v. Pa. Steel Co., Inc.*, No. 14-cv-01103, 2014 WL 3572888, at *3 (E.D. Pa. July 21, 2014) ("Plaintiff must allege something more than mere remarks of a sexual nature to demonstrate discrimination due to non-compliance with gender stereotypes.").

Betz's factual allegations paint a picture of an uncouth, unprofessional, and offensive workplace. Nonetheless, Betz's coworkers appear to have been equal opportunity offenders, putting their lewd conduct on display for all to see, regardless of race, color, religion, sex, or national origin. Accepting Betz's alleged facts as true, she has certainly described conduct that does not belong in the workplace. Nevertheless, the Court is cognizant of the Supreme Court's warning that Title VII is not a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 80 (1998); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("Properly applied, [judicial standards on Title VII claims] will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."). Betz's hostile work environment claims are dismissed accordingly.[4]

An appropriate order follows.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[4] "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Here, however, Betz improperly requests leave to amend in her opposition brief without attaching a copy of a proposed second amended complaint or notifying the Court of the substance of any contemplated amendment. *See United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) ("[A] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a).") (quotation omitted). Without this information, the Court has no means to assess whether further amendment would be futile. If Betz wishes to attempt to address the deficiencies in her amended complaint, she must file an appropriate motion pursuant to Federal Rule of Civil Procedure 15(a)(2).