IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN BETZ<br><br>        Plaintiff,<br><br>    v.<br><br>TEMPLE HEALTH SYSTEMS<br><br>        Defendant. | CIVIL ACTION NO:<br>2:15-cv-00727-GJP |

**PRETRIAL MEMORANDUM**

The following shall constitute the Pretrial Memorandum pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**PART I.    BRIEF STATEMENT OF THE NATURE OF THE ACTION AND THE BASIS ON WHICH THE JURISDICTION OF THE COURT IS INVOKED:**

The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically allegations of retaliation and interference under the Family and Medical Leave Act ("FMLA") and allegations of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

This Court has jurisdiction over Plaintiff's state law claims regarding retaliation pursuant to the Pennsylvania Human Relations Act ("PHRA") as well as defamation and interference with contractual relations because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transactions or occurrences, having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PART II.    BRIEF STATEMENT OF THE FACTS:**

Plaintiff, Ellen Betz ("Plaintiff"), was employed by Defendant, Temple Health Systems ("Defendant"), as a registered nurse from 2003 until February 21, 2014.  Plaintiff was subjected to a sexually harassing environment and was retaliated against due to her complaints of same.  In

1

addition, Plaintiff's son suffers from severe medical conditions that include cancer and seizures ("medical conditions") requiring her to take family leave.

Plaintiff is proceeding against Defendant on claims for retaliation and interference under the FMLA, alleging that she was fired for taking intermittent FMLA leave from January 21, 2014 through January 26, 2014 to care for her son's medical conditions and/or for seeking intermittent FMLA leave that was approved on January 17, 2014. Furthermore, Defendant interfered with Plaintiff's FMLA rights when it forced her to return to work on January 27, 2014, even though she needed to care for her son as she was permitted to do so under the FMLA.

Plaintiff is also proceeding on claims for retaliation under Title VII and the PHRA alleging that Defendant retaliated against her for making protected complaints of sexual harassment. Specifically, Plaintiff, a ten year employee of Defendant, had a clean disciplinary record until she complained of sexual harassment. Within the last nine months of her employment, Plaintiff was subjected to four disciplinary actions – all following her complaints of sexual harassment. For example, Plaintiff complained in an email that she was subjected to sexual harassment to Defendant's President on July 25, 2013 and almost immediately on August 5, 2013, Defendant opened an investigation into her work performance as retaliation. As further retaliation, while the investigation was pending, Defendant blocked Plaintiff's approved transfer to another location. Finally, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and informed Defendant of same on January 13, 2014. Defendant told Plaintiff that she "**made a big mistake by going to the EEOC.**" Merely nineteen days later, on January 27, 2014, Defendant suspended Plaintiff before ultimately firing her on February 21, 2014 in retaliation for making her protected complaints of sexual harassment.

Defendant's retaliation extended beyond its retaliatory firing of Plaintiff. This is corroborated by two affidavits, wherein the affiants state that, in the context of a job reference, Defendant labeled Plaintiff a "troublemaker" who had filed a lawsuit against it. Accordingly, Plaintiff asserts claims for defamation, interference with contractual relations, and retaliation under both Title VII and the PHRA relating to these post-termination negative job references.

As a result of the foregoing, Plaintiff alleges that she has suffered damages as a result of Defendant's conduct.

**PART III.   MONETARY DAMAGES:**

1. Lost Wages:  Plaintiff did not receive compensation from her suspension on January 27, 2014 through September 2014 when she received a new position. Accordingly, Plaintiff was out of work for approximately 35 weeks. Since Plaintiff earned $39.71 per hour and worked approximately 40 hours per week, Plaintiff's backpay for this period is approximately $55,874.00.

2. <u>Lost Wages:</u>  Starting at the end of September 2014 through December 9, 2014, Plaintiff earned $25 per hour and worked only part time.  Accordingly, Plaintiff's backpay during this time period is approximately $11,972.40.
3. <u>Lost Wages:</u>  Starting December 9, 2014, Plaintiff got a job earning $37 per hour until she received a raise approximately four months later.  Accordingly, her back pay during this time period is approximately $1,734.40.
4. <u>Other Compensatory Damages:</u>  Plaintiff suffered emotional distress from her termination, entitling her to an additional award of damages.
5. <u>Liquidated Damages</u>:  Defendant's actions in terminating Plaintiff in violation of the FMLA was not in good faith and Plaintiff is entitled to liquidated damages.
6. <u>Punitive Damages</u>:  Defendant's actions in terminating Plaintiff due to her complaints of sexual harassment was wanton and willful disregard of Plaintiff's rights, entitling her to punitive damages under Title VII and the PHRA.
7. <u>Attorney's Fees and Costs</u>:  Plaintiff is entitled to attorney's fees and costs.

**PART IV.    WITNESSES:**

**Liability Witnesses:**

Ellen Betz
2842 Bellview Drive
Bensalem, PA 19020

Bernadette Appiott
1311 Dyer Street
Philadelphia, PA 19124

Susan Sommers
29367 Cypress Drive
Big Pine Key, FL 33043

Danielle Meinel
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Dawn O'Connor
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Marie Gardner
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Jacqueline Nardi
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Karen Finkelstein
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Linda Krause
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Brenna Woods
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

John Lavery
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Bethann Habermehl
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Charlie Vasso
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Colleen Dunn
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Debbie Bilse
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Angela Cleghorn
2450 W. Hunting Park Avenue, 4th Floor
Philadelphia, PA 19129

Mark Warshaw
One Fayette Street, Suite 475
Conshohocken, PA 19428

Victoria Newton
4335 Vista Street
Philadelphia, PA 19136

**Damages Witness:**

Ellen Betz
2842 Bellview Drive
Bensalem, PA 19020

**PART V.     EXHIBITS:**

1. Ellen Betz Deposition Transcript
2. Marie Gardner Deposition Transcript
3. Dawn O'Connor Deposition Transcript
4. Brenna Woods Deposition Transcript
5. Linda Krause Deposition Transcript
6. John Lavery Deposition Transcript
7. Danielle Meinel Deposition Transcript
8. Jacqueline Nardi Deposition Transcript
9. Handwritten Notes by Brenna Woods
10. Colleen Dunn Statement
11. Debbie Bilse Statement
12. Angela Cleghorn Statement
13. Postings from Facebook
14. March 11, 2013 Email from Ellen Betz
15. March 13, 2013 Letter from Ellen Betz
16. March 27, 2013 Email from Brenna Woods
17. March 30, 2013 Letter from Ellen Betz
18. April 3, 2013 Email from Ellen Betz
19. April 4, 2013 Email from Ellen Betz
20. May 29, 2013 Corrective Action
21. June 5, 2013 Report from Brenna Woods
22. July 25, 2013 Email from Ellen Betz
23. September 5, 2013 Letter from Brenna Woods
24. September 10, 2013 Email from Brenna Woods
25. September 13, 2013 Corrective Action
26. October 24, 2013 Grievance Decision
27. January 9, 2014 Email from Karen Finkelstein
28. January 13, 2014 Email from Ellen Betz
29. January 14, 2014 Email from John Lasky
30. January 20, 2014 Letter
31. February 13, 2014 Report and Recommendation
32. February 21, 2014 Termination Paperwork
33. Bernadette Appiott Affidavit
34. Susan Sommers Affidavit
35. FMLA Leave requests
36. January 22, 2014 Email from Brenna Woods
37. Ellen Betz's Mitigation Documents

**PART VI.**    **ESTIMATE OF THE NUMBER OF DAYS REQUIRED FOR TRIAL:**

    Estimate: 5 days

**PART VII.**    **SPECIAL COMMENTS REGARDING LEGAL ISSUES, STIPULATIONS, AMENDMENTS OF PLEADINGS, OR OTHER APPROPRIATE MATTERS:**

    None.

    Respectfully submitted,

    **SWARTZ SWIDLER, LLC**

    */s/ Daniel Horowitz*
    Daniel Horowitz, Esq.
    1101 Kings Highway North
    Suite 402
    Cherry Hill, NJ 08034
    (856) 685-7420
    (856) 685-7417 Fax

Dated: January 5, 2016