## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------

ELLEN BETZ,                                                  :
                                                             :
                            Plaintiff,                       :
                                                             :   Case No. 2:15-cv-00727-GJP
                       v.                                    :   (Hon. Gerald J. Pappert)
                                                             :
                                                             :
TEMPLE HEALTH SYSTEMS,                                       :
                                                             :
                            Defendant.                       :

-------------------------------------------------------------

### TEMPLE UNIVERSITY HEALTH SYSTEMS, INC.'S PRETRIAL MEMORANDUM

Defendant Temple University Health Systems, Inc. ("Temple") hereby submits the following pretrial memorandum pursuant to Federal Rule of Civil Procedure 26(a)(3), Local Rule of Civil Procedure 16(c), and the Court's Policies and Procedures.

**I.      BRIEF STATEMENT OF THE NATURE OF THE ACTION AND BASIS ON WHICH JURISDICTION OF THE COURT IS INVOKED**

This matter currently centers upon Plaintiff Ellen Betz's ("Betz") claims of retaliation under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act as well as claims for interference and retaliation under the Family and Medical Leave Act ("FMLA"). Betz also has asserted common-law claims for defamation and tortious interference with contractual relations.

This Court has jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331 and supplemental jurisdiction, 28 U.S.C. § 1367.

**II.     COUNTERSTATEMENT OF FACTS**

Temple is a deeply rooted, integral part of Philadelphia healthcare. Jeanes Hospital, a part of Temple, was founded in 1928 and provides modern facilities for patient care in a warm,

home-like setting that is more conducive to recovery than traditional health care institutions. Jeanes became a member of Temple in 1996.

Betz worked within the Temple family for roughly 11 years.  She initially worked for Northeastern Hospital, which was also a part of Temple, beginning in 2003.  When Northeastern closed in 2009, Betz became a Registered Nurse at Jeanes.  In early 2013, Betz worked on Floor 4A at Jeanes.  Certain nurses on that floor (unit) within Jeanes complained about the performance of Tara Beissel ("Beissel"), another nurse with whom Betz was friendly.  Temple investigated the complaints against Beissel, and Temple terminated Beissel in February 2013. When that termination occurred, Betz was outraged and sought revenge on the complaining nurses.  Betz began writing letters to Temple's CEO, Dr. Larry Kaiser, complaining about the other nurses.  Betz searched for, and found, Facebook photos from June 2012, nearly a year earlier, to sully the character of her fellow nurses.  Temple's Employee Relations Manager, Brenna Woods, investigated Betz's complaints.  Betz frequently contacted Woods during the investigation.  Betz repeatedly memorialized a variety of concerns about her co-workers. However, she never contemporaneously complained of or mentioned sexual harassment, sexually offensive conduct occurring on a daily basis, or that Temple had interfered with her statutory leave or retaliated against her in any way.

Shortly after Beissel's termination, Temple transferred Betz from her temporary assignment (Floor 4A) to another unit (Floor 5A) on a full-time basis.  As a result, she only occasionally worked with the 4A staff about whom she complained.  During this time, however, Betz made several medical errors.  Her supervisor at the time, who addressed the errors directly with Betz, knew very little about Betz's issues with the other nurses on her previous floor.

In December 2013 – months after she first wrote to Dr. Kaiser – and, while working in yet another unit, Betz committed a fourth and serious medical error.  On this occasion, Betz lied about it and attempted to cover the error up as well as the medical records concerning the error.  Temple conducted a thorough investigation, interviewed several witnesses, and concluded that Betz could no longer work for Jeanes.  Knowing that her employment was in jeopardy because of the errors and cover up, Betz filed a Charge with the Equal Employment Opportunity Commission, claiming gender discrimination and retaliation.  Temple nonetheless finalized its investigation and terminated Betz in February 2014.  Betz then filed this lawsuit, which currently contains claims for retaliation, violation of the FMLA, defamation, and tortious interference.

**III.   MONETARY DAMAGES: N/A**

**IV.   WITNESSES**

Temple intends to call the following witnesses at trial:

**1.   Plaintiff Ellen Betz**

Address: c/o Daniel J. Horowitz, Swartz Swidler, 1101 Kings Highway North, Suite 402, Cherry Hill, NJ 08034.

**2.   Brenna Woods, Human Resources Director, Rothman Institute (Former Mgr. of Compliance & Employee Relations)**

Address: 925 Chestnut Street, 5th Floor, Rothman Institute at Jefferson, Philadelphia, PA 19107.

**3.   Danielle Meinel, Nurse Manager**

Address: c/o Jason K. Roberts, Esq., Rubin, Fortunato & Harbison P.C. 10 S. Leopard Rd, Paoli, PA 19301.

4.      <u>**Dawn O'Connor, Nurse Manager**</u>

Address: c/o Jason K. Roberts, Esq., Rubin, Fortunato & Harbison P.C. 10 S. Leopard Rd, Paoli, PA 19301.

5.      <u>**Marie Gardner, Nurse Manager**</u>

Address: c/o Jason K. Roberts, Esq., Rubin, Fortunato & Harbison P.C. 10 S. Leopard Rd, Paoli, PA 19301.

6.      <u>**Jacqueline Nardi, Nurse Manager**</u>

Address: c/o Jason K. Roberts, Esq., Rubin, Fortunato & Harbison P.C. 10 S. Leopard Rd, Paoli, PA 19301.

7.      <u>**Linda Krause, Nurse Manager**</u>

Address: c/o Jason K. Roberts, Esq., Rubin, Fortunato & Harbison P.C. 10 S. Leopard Rd, Paoli, PA 19301.

8.      <u>**John Lavery, Nurse Recruiter**</u>

Address: c/o Jason K. Roberts, Esq., Rubin, Fortunato & Harbison P.C. 10 S. Leopard Rd, Paoli, PA 19301.

Temple reserves the right to call any liability, damages, or expert witnesses identified by Betz in her pretrial memorandum.  Temple also reserves the right to call any necessary rebuttal witnesses.

## V.      <u>**EXHIBITS**</u>

Temple expects to offer the following documents as exhibits at trial:

| Exhibit No. | Description | Date | Bates No. |
|-------------|-------------|------|-----------|
| D-1 | Ellen Betz Resume | Undated | TU EB 0017 |
| D-2 | Ellen Betz Employment Application | April 24, 2009 | TU EB 0002-0007 |
| D-3 | Betz Employee Handbook Acknowledgement Page | June 11, 2009 | TU EB 0062 |

| D-4 | Workplace Harassment Training Acknowledgement Form | June 15, 2009 | TU EB 0067 |
|---|---|---|---|
| D-5 | Temple University Health System Employee Handbook | Undated | TU EB 0346-0385 |
| D-6 | Betz Offer Letter | May 13, 2009 | TU EB 0001 |
| D-7 | Betz Salary Increases | Undated | TU EB 0033, 0043, 0046,0398-0399 |
| D-8 | Betz Transfer from 2C to 4A | December 4, 2012 | TU EB 0045 |
| D-9 | Betz Transfer from 4A to 5A | February 27, 2013 | TU EB 0051 |
| D-10 | Betz March 2013 Correspondence to Dr. Kaiser | March 11, 2013 | TU EB 0769-0773 |
| D-11 | Temple Response to Betz | March 11, 2013 | TU EB 0449 |
| D-12 | Betz March 2013 Correspondence to Dr. Kaiser | March 13, 2013 | TU EB 0570 |
| D-13 | Correspondence between Brenna Woods and Ellen Betz | March 2013 | TU EB 0836-0837 |
| D-14 | Correspondence between Brenna Woods and Maria Solitro re: Betz | April 1, 2013 | TU EB 0484 |
| D-15 | Betz April 2013 Correspondence to Brenna Woods | April 3, 2013 | TU EB 0884-0885 |
| D-16 | Betz April Correspondence to Brenna Woods re: voicemail | April 4, 2013 | TU EB 0886-0887 |
| D-17 | Facebook Photos from June 2012 | June 2012 | TU EB 0940-0942 |
| D-18 | Facebook Comments from March 1, 2013 | March 1, 2013 | TU EB 0311 |
| D-19 | Betz July 2013 Correspondence to Dr. Kaiser | July 25, 2013 | TU EB 0976-0977 |
| D-20 | Brenna Woods Correspondence to Caryl Mahoney re: Betz | July-August 2013 | TU EB 0983-0985 |
| D-21 | Brenna Woods Summary and Recommendations | June 5, 2013 | TU EB 0934-0939 |
| D-22 | Brenna Woods September 2013 Correspondence to Betz | September 5, 2013 | PEB 0119 |
| D-23 | Betz Request to Work on 4A on Christmas | December 25, 2013 | TU EB 1426 |
| D-24 | Email Concerning Betz Threats in April 2013 | April 1, 2013 | TU EB 0491-0492 |
| D-25 | Temple's Corrective Action Policy | February 4, 2008 | TU EB 0190-0195 |
| D-26 | Betz's Acknowledgment of Corrective Action Policy | June 11, 2009 | TU EB 0063 |

| D-27 | Brenna Woods Notes re: First Medical Error | August 16, 2013 | TU EB 0609 |
|---|---|---|---|
| D-28 | Betz Corrective Action/Discipline Report for Second Medical Error | May 29, 2013 | TU EB 0052-0055 |
| D-29 | Betz Corrective Action/Discipline Report for Third Medical Error | September 20, 2013 | TU EB 0537-0555 |
| D-30 | October 2013 Grievance Decision | October 24, 2013 | PEB 0125 |
| D-31 | Union Newsletter | December 6, 2013 | TU EB 0304-0305 |
| D-32 | Internal Correspondence re: Betz Transfer Attempt | September 2013 | TU EB 1086-1088 |
| D-33 | Betz Corrective Action/Discipline Report for Final Medical Error | February 21, 2014 | TU EB 0134 |
| D-34 | Statement from Charli Vasso | Undated | TU EB 0202 |
| D-35 | Temple's High Risk and High Alert Medications Policy | November 2013 | TU EB 0184-0189 |
| D-36 | Patient 1 Medical Chart | Undated | TU EB 0719-0728 |
| D-37 | Patient 2 Medical Chart | Undated | TU EB 0729-0732 |
| D-38 | Brenna Woods Investigation Questions | January 16, 2014 | TU EB 0633-0635 |
| D-39 | Brenna Woods Statement Comparison | Undated | TU EB 0767-0768 |
| D-40 | Brenna Woods Summary and Recommendations | February 13, 2014 | TU EB 0630-0632 |
| D-41 | Betz January 2014 Correspondence to Dr. Kaiser and internal e-mails | January 2014 | TU EB 0647-0651 |
| D-42 | Betz January 25, 2014 | January 25, 2014 | TU EB 0660 |
| D-43 | Betz February 3, 2014 Correspondence to Brenna Woods | February 3, 2014 | TU EB 0661 |
| D-44 | Betz First FMLA Request | September 2012 | TU EB 0265-0270 |
| D-45 | Temple Approval of First FMLA Request | September 27, 2012 | TU EB 0264 |
| D-46 | Betz Second FMLA Request | June 2013 | TU EB 0272-0279 |
| D-47 | Temple Approval of Second FMLA Request | June 28, 2013 | TU EB 0271 |
| D-48 | Betz Third FMLA Request | January 2014 | TU EB 0282-0290 |
| D-49 | Temple Approval of Third FMLA Request | January 20, 2014 | TU EB 0280 |
| D-50 | Betz January 2014 Correspondence re: EEOC | January 13, 2014 | TU EB 0642-644 |

|       | Charge |       |       |
|-------|--------|-------|-------|
| D-51  | Betz First EEOC Charge | January 20, 2014 | PEB 0001-0002 |
| D-52  | Betz Second EEOC Charge | July 7, 2014 | PEB 0003-0004 |
| D-53  | Betz Third EEOC Charge | December 10, 2014 | PEB 0005-0006 |
| D-54  | Betz Sick Note | January 20, 2014 | PEB 0145 |
| D-55  | Betz's Mother's Complaint | January 21, 2014 | TU EB 0291-0315 |
| D-56  | Article re: Lawsuit Against Betz by Bensalem School District | December 23, 1999 | TU EB 1423-1425 |
| D-57  | Brenna Woods Investigative File | Multiple Dates | Varying Bates |
| D-58  | Ellen Betz Deposition Transcript | October 1, 2015 | N/A |
| D-59  | Jacqueline Nardi Deposition Transcript | October 6, 2015 | N/A |
| D-60  | Dawn O'Connor Deposition Transcript | October 6, 2015 | N/A |
| D-61  | Linda Krause Deposition Transcript | October 7, 2015 | N/A |
| D-62  | Danielle Meinel Deposition Transcript | October 7, 2015 | N/A |
| D-63  | John Lavery Deposition Transcript | October 8, 2015 | N/A |
| D-64  | Marie Gardner Deposition Transcript | October 8, 2015 | N/A |
| D-65  | Brenna Woods Deposition Transcript | October 9, 2015 | N/A |
| D-66  | Correspondence from Betz Lawyer, Scott Fegley Esq. | September 19, 2014 | TU EB 1089-1092 |

Temple reserves the right to introduce any exhibits that are identified by Betz in her pretrial memorandum. Temple also reserves the right to introduce any documents for cross-examination or rebuttal purposes.

## VI.   ESTIMATED NUMBER OF DAYS REQUIRED FOR TRIAL

Temple expects that the trial of this matter will last approximately four (4) full days.

## VII.   STIPULATIONS

The parties will continue to work toward stipulations regarding all issues, including evidentiary matters.

## VIII.    STATEMENT OF OBJECTIONS

### A.    Affidavits

#### 1.    The Affidavits Are Inadmissible Hearsay

The affidavits of Susan Sommers and Bernadette Appiott constitute inadmissible hearsay. No exceptions apply that would allow these documents to be admitted, and they should therefore be excluded. Federal Rule of Evidence 801 (c) defines as hearsay "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 802 provides that hearsay is generally inadmissible.

Betz is offering the affiants' out of court statements for the truth of the matter asserted. As such, they are hearsay and should be excluded from trial. To sustain her burden, Betz should offer Ms. Sommers and Ms. Appiott as witnesses and have them testify at trial in person subject to cross examination. The affidavits cannot stand in their place as it does not provide Temple the opportunity to test the veracity of the statements.

#### 2.    The Affidavits are Riddled With Infirmities and Are Unreliable

Not only are the affidavits hearsay, but they are also legally deficient and should not be considered. First, these affiants were not disinterested, random employers that called Temple seeking a job reference. Both affiants had a significant relationship with Betz. The notion that these "affidavits" came from true "third-parties" transcends the bounds of legitimate advocacy. One of the "affidavits" came from Betz's sister. That affidavit can be seen as self-serving. See Ramirez v. Verizon Communs., Inc., Civil Action No. 13-6000, 2015 U.S. Dist. LEXIS 26473, *10 (S.D.N.Y. Feb. 27, 2015) (noting a self-serving affidavit from a sibling). The other "affidavit" came from a former acquaintance of Betz that she knew from Northeastern Hospital.

Temple is entitled to examine the affiants because (1) Temple's established policy has been to provide only dates of employment in response to a written reference request; (2) five different witnesses confirmed this policy; (3) inquiries from outside parties seeking a reference would not be routed to Lavery; (4) Lavery, who has been in a Human Resources role since the late 1980s, denied saying to anyone the things attributed to him and vehemently denied ever talking to these two individual affiants; (5) Lavery recruits nurses <u>to</u> Temple and would not field reference calls; (6) the affidavits talk about a lawsuit that had not even been filed yet; (7) Lavery would not have been privy to Betz's medical errors or the reason of her termination; and (8) Lavery had no knowledge that Betz filed EEOC Charges or eventually filed a lawsuit at the time of the "affidavits."  Thus, the affidavits should be excluded from evidence.

### B.      Testimony of Witnesses Without Firsthand Knowledge

Betz has identified four individuals from her former union as witnesses in this matter: Colleen Dunn, Angela Cleghorn, Debbie Bilse, and Mark Warshaw.  Temple will move that they be prohibited from testifying because, although they were interviewed as part of the investigation surrounding Betz's medical errors, the witnesses have no connection to, or direct knowledge of, the actual events.  While the Employee Relations Manager considered their opinions, she gave them the appropriate weight based on their non-involvement in Betz's medical errors.  They should not be allowed to testify as they do not meet the requirements of Rule 701 of the Federal Rules of Evidence.

## IX.    <u>DESIGNATION OF DEPOSITION TESTIMONY</u>

Temple does not wish to designate any deposition testimony at this time as all witnesses will be in attendance at trial.  Temple reserves the right to revisit the issue in the event circumstances change.

Dated:  January 12, 2016                      Respectfully submitted,


<u>/s/ Jason K. Roberts</u>
Michael J. Fortunato, Esquire
Jason K. Roberts, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, Pennsylvania 19301
Telephone:  (610) 408-2005/2056
Facsimile:  (610) 854-4305/0392

*Attorneys for Defendant Temple University Health System Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of *Temple's Pretrial Memorandum* was

served via electronic notice and first-class mail as follows:

Daniel Horowitz, Esquire
SWARTZ SWIDLER, LLC
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034

*Attorneys for Plaintiff Ellen Betz*


Dated:  January 12, 2016                              /s/ Jason K. Roberts
                                                      Jason K. Roberts, Esquire